## Marakowitz v. Marakowitz

*Francis H. S. Ede*, for petitioner.
*Stanley J. Fehr*, contra.

STEWART, P. J., April 29, 1935.—This is a rule for counsel fees to defendant in a replevin case wherein the defendant recovered a verdict. The parties were husband and wife. Depositions were taken in support of this rule. From them it appears that the parties have three children. One of the children is with the wife, and two are with the husband. The husband was sentenced by this court in a proceeding brought by the wife on a charge of desertion, to pay her, at first, $20 a month (afterwards reduced to $15 a month), and the account submitted by the probation officer showed that the husband was in default on March 11, 1935, in the sum of $191.25. The depositions also show that both husband and wife have been employed. The chief clerk of the Lone Star Cement Company, where the husband is employed, testified that he had received every two weeks almost $40. The wife has been out of employment for a month. Prior to that time she earned $20 a month as a housekeeper, and she also got her board there; but when she worked in the silk

mill, she made $28 in two weeks. Each of these parties testified that all they earned was used up in supporting themselves and the children, and it is admitted that neither of them has any property. The depositions do not establish anything definite upon which an intelligible award could be based as to their financial capacity. It would be very difficult to make this rule absolute upon the equities of the case, and that seems to be the only basis upon which it could stand. The subject was passed on by Judge Fox in Bartholomew v. Bartholomew, 31 Dauph. 136. The syllabus of that case is:

"In an action of replevin by a husband against his wife . . . a court, under its equitable powers, may make an order on the husband for counsel fees and costs necessary to enable the wife to defend the action."

The facts are like those in this case so far as the replevin is concerned, but in that case the rule was taken while the replevin was pending, and to it an answer was filed raising a question of law. Judge Fox said it was a case of first impression, that no authorities were cited by counsel, nor could he find any, but after reading the cases in divorce where allowances were made to the wife when she was poor, he said it was an exercise of the equitable power of the court to allow counsel fees. He further said: "The allowance is put upon the grounds of seeing that justice is done and that there shall be no denial thereof and it is within the equitable powers of the court to make such order." It will be perceived that the situation is different when the wife has had the benefit of such excellent service from counsel as the wife in the present case has had. This case is finished. No injustice has been done to her. She has not been deprived of any legal right to make her defense to her husband's claim. She won the case, and now she wants to be compensated for her counsel's services. The bottom has fallen out of the grounds on which she asks the equitable allowance of fees to her. The Act of June 22, 1931, P. L. 883, sec. 13, relating to interpleaders, is entirely unlike the

present case. Other similar acts might be cited. In all these cases the allowance of counsel fees is based on a statute, and there is no statute in the present case.

And now, April 29, 1935, rule to show cause why counsel fees should not be allowed defendant is discharged.